IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUTH WALLET, LLC, § | |
|     *Plaintiff,* § | |
| § | |
| *v.* § | MO:24-CV-00063-DC |
| § | |
| FISERV, INC., § | |
|     *Defendant.* § | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 19)**

Before the Court is Defendant Fiserv, Inc.'s Motion to Dismiss Plaintiff AuthWallet, LLC's First Amended Complaint (ECF No. 19). Considering the parties' arguments and the applicable law, the Court **GRANTS** Defendant's Motion and **DISMISSES** the case and **DISMISSES** the case **WITHOUT PREJUDICE TO REPLEAD.**

## I.   BACKGROUND

On March 1, 2024, Plaintiff initiated this action by filing its Original Complaint for Patent Infringement, asserting a claim for infringement of U.S. Patent No. 8,099,368 (the "'368 Patent"). ECF No. 1. On July 11, 2024, Defendant timely moved to dismiss Plaintiff's Original Complaint. ECF No. 14. In response, Plaintiff filed a First Amended Complaint for Patent Infringement. ECF No. 16. The day after, Plaintiff filed a Corrected First Amended Complaint for Patent Infringement. ECF No. 17. Defendant timely moved to dismiss Plaintiff's Corrected First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Plaintiff timely filed a Response In Opposition to Defendant's Motion to Dismiss, and Defendant timely filed a Reply. ECF Nos. 22, 23.

1

## II.  LEGAL STANDARD

Defendant moved to dismiss the Corrected First Amended Complaint under Rule 12(b)(6). A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a Rule 12(b)(6) Motion, the Court must accept well-pleaded facts, view the case most favorable to the non-movant, and draw reasonable inferences in the non-movant's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). Accepting the facts as true, the fact must be sufficient such that the claim "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include specific factual allegations in support of the claim. *Id.* Mere recital of the elements of a cause of action, and conclusory allegations are insufficient. *Id.* Facial plausibility exists when the well-pleaded facts create a reasonable inference that the movant is liable for the misconduct alleged. *Id.*

## III.  ANALYSIS

Accepting all well-pleaded facts as true, viewing the case most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's Corrected First Amended Complaint must be dismissed. Defendant moves for dismissal on two grounds: (1) Plaintiff's Corrected First Amended Complaint fails to state a plausible infringement claim; and (2) the claims of '368 Patent are ineligible under 35 U.S.C. § 101. ECF No. 19 at 8-18. The Court agrees as to the former and therefore dismisses the case.

Plaintiff's Corrected First Amended Complaint does not sufficiently plead a claim for infringement of the '368 Patent—either direct, indirect, or willful. Plaintiff's infringement

allegations rely on mixing and matching different accused products in its claim charts. *See* ECF No. 17-2 at 5-78. Such patchwork infringement allegations are improper. *CTD Networks, LLC v. Google, LLC*, 688 F.Supp.3d 490, 499 (W.D. Tex. 2023). Plaintiff has failed to allege that "each and every" claim limitation is present in any single Fiserv product, and, therefore, has failed to plead direct infringement. *V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005); *see also LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) ("Direct infringement "requires that each and every limitation set forth in a claim appear in an accused product.").

Similarly, Plaintiff has failed to sufficiently plead claims for indirect and willful infringement. Plaintiff merely recites the legal elements of inducement and contributory infringement and makes the conclusory statement that Defendant infringes both contributorily and via inducement. ECF No. 17 at ¶¶ 11-12. Plaintiff provides no factual allegations as to who or how Defendant allegedly induces others to infringe or contributes to others infringement. As Plaintiff's claims for direct and indirect infringement are insufficient, so too is its claim for willful infringement—as there can be no willful infringement without a plausible claim for infringement to begin with. *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (reciting elements of willful infringement). Accordingly, because Plaintiff's First Amended Complaint contains no plausible allegation of infringement of any type, the Court **GRANTS** Defendant's Motion to Dismiss. The Court **DISMISSES** this case **WITHOUT PREJUDICE TO REPLEAD.** Plaintiff shall have fourteen days from the date of this Order to refile its complaint.

## IV.     CONCLUSION

For the above reasons, Defendant Fiserv, Inc.'s Motion to Dismiss Plaintiff AuthWallet, LLC's First Amended Complaint (ECF No. 19) is **GRANTED.**

It is therefore **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE TO REPLEAD.** Plaintiff shall have fourteen days from the date of this Order to refile its complaint.

It is so **ORDERED**.

SIGNED this 28th day of February, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE